**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTY L. BUCHANAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 13-CV-01460** |
| | ) | |
| **THE COCA-COLA COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### I.      INTRODUCTION

Plaintiff's lawsuit involves employment discrimination claims for race discrimination and retaliation under 42 U.S.C. § 1981 against Defendants Galen D. Bingham and The Coca-Cola Company.  Plaintiff previously filed the same employment discrimination claims in Missouri state court for race discrimination and retaliation under the Missouri Human Rights Act ("MHRA") against the same defendants.  The state court granted summary judgment in favor of Defendants, dismissing Plaintiff's claims in their entirety as time-barred.  Plaintiff apparently now (improperly) seeks a second bite at the apple in this Court.

However, Plaintiff's Complaint must be dismissed for failure to state a claim because it is barred by res judicata.  The doctrine of res judicata bars a plaintiff from pursuing a second lawsuit where a final judgment on the merits has been issued in a prior suit involving the same parties and same cause of action.  *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994).

Under Missouri law, dismissal of claims as time-barred is a final judgment on the merits. *Jordan v. Kansas City*, 929 S.W.2d 882, 887 (Mo. Ct. App. 1996).  Although Plaintiff now frames her claims under a different discrimination statute, it is the identity of facts (not legal

theories) that creates the "same cause of action."  Indeed, this Court has found that employment discrimination claims under Section 1981 and the MHRA are the same for purposes of res judicata.  *Brown v. Garlich Printing Co.*, No. 4:07CV1668-DJS, 2008 U.S. Dist. LEXIS 28073, at *5 (E.D. Mo. Apr. 7, 2008).  Because Plaintiff asserts the same claims against the same defendants that were previously dismissed in state court, she is barred from pursuing them in federal court.

Moreover, res judicata precludes litigation of claims that *could have been* raised in the prior action.  *Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 826 (8th Cir. 1989).  Plaintiff assuredly could have raised claims under Section 1981 in her first employment discrimination suit but did not.

## II.   **BACKGROUND**

On October 24, 2012, Plaintiff filed suit against Defendants The Coca-Cola Company and Galen D. Bingham (collectively "Coca-Cola") in the Missouri Circuit Court of St. Louis County.  (Petition, attached as Exhibit A.)  She alleged (1) race discrimination, (2) gender discrimination, and (3) retaliation under the Missouri Human Rights Act ("MHRA") based on her employment with Defendant Coca-Cola.  On June 21, 2013, the state court granted summary judgment in favor of Defendants, finding Plaintiff's claims were time-barred because Plaintiff had failed to file her lawsuit within two years after filing her charge of discrimination, as required by Missouri Statute Section 213.111.1.  (Order, attached as Exhibit B.)  Plaintiff has since appealed to the Missouri Court of Appeals, Eastern District, raising "the issue of when a Defendant should be equitably estopped from asserting a statute of limitations defense in a Missouri Human Rights Act case."  (Notice of Appeal, attached as Exhibit C.)

On July 27, 2013, Plaintiff filed this suit against Defendants The Coca-Cola Company and Galen D. Bingham.  Plaintiff alleges employment discrimination in violation of 42 U.S.C. §

1981, again asserting (1) race discrimination, and (2) retaliation based on her employment with Defendant Coca-Cola.

### III.    LEGAL ANALYSIS

**A.    Plaintiff's Lawsuit is Barred by Res Judicata Because Her Employment Discrimination Claims Were Already Dismissed Once in State Court.**

The doctrine of res judicata provides that a final judgment on the merits in a prior suit bars a second suit involving the same parties and the same cause of action. *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994); *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990). In the Eighth Circuit, res judicata bars claims when "'(1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases.'" *De Llano v. Berglund*, 183 F.3d 780, 781 (8th Cir. 1999) (quoting *Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 826 (8th Cir. 1989)).

**1.    Plaintiff's Same Claims Were Previously Dismissed by a Court of Competent Jurisdiction.**

Missouri state circuit courts are courts of competent jurisdiction. *Brown v. Garlich Printing Co.*, No. 4:07CV1668-DJS, 2008 U.S. Dist. LEXIS 28073, at *5 (E.D. Mo. Apr. 7, 2008) (finding the Circuit Court of St. Louis County to be a court of competent jurisdiction). Here, the prior judgment dismissing Plaintiff's claims was rendered by the Circuit Court of St. Louis County, which has been explicitly found to be a court of competent jurisdiction.

**2.    The Dismissal of Plaintiff's Claims as Time-Barred Was A Final Judgment on the Merits under Missouri Law.**

Under Missouri law, "[a] trial court's dismissal of an action on the basis of the statute of limitations is a final adjudication on the merits for purposes of res judicata." *Jordan v. Kansas City*, 929 S.W.2d 882, 887 (Mo. Ct. App. 1996); *see also Lamb v. Equifax Servs., Inc.*, 620 F.

Supp. 1457, 1458 (E.D. Mo. 1985) (citing *Myers v. Bull*, 599 F.2d 863, 865 (8th Cir. 1979)).  For

example, in *Brown v. Garlich Printing Co.*, this Court dismissed a plaintiff's Title VII, ADEA,

and ADA claims on the basis of res judicata because the plaintiff's earlier-filed MHRA claims

had been dismissed in state court as time-barred.  2008 U.S. Dist. LEXIS 28073, at *2.  Missouri

federal courts have similarly held that the assertion of Title VII claims precludes a later lawsuit

filed under Section 1981.  *See, e.g.*, *Mills*, 872 F.2d at 826.  As in *Garlich Printing*, Plaintiff's

earlier-filed MHRA claims were dismissed in state court as time-barred.  Accordingly, this was a

final judgment on the merits for purposes of res judicata.

> **3.   Plaintiff Asserts the Same Claims Against the Same Parties That
> Were Previously Disposed of in State Court.**

For purposes of res judicata, a plaintiff need not assert identical causes of action for the

claims to be considered the same.  Rather, "a claim is barred by res judicata if it arises out of the

same nucleus of operative facts as the prior claim."  *Lane*, 899 F.2d at 742.  "It is this identity of

facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon

which [plaintiff] chose to frame her complaint."  *Biermann v. United States*, 67 F. Supp. 2d

1057, 1060 (E.D. Mo. 1999) (quoting *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir.

1992) and collecting cases).

Thus in *Garlich Printing*, this Court found that the plaintiff's ADA, Title VII, and ADEA

claims "involve[d] the same facts, the same parties, and the same issues (or issues that could

have been raised in [the] state-court action)" as the earlier-filed MHRA claims.  2008 U.S. Dist.

LEXIS 28073, at *5.  Because the claims were the same or at least could have been raised in the

state-court action, res judicata precluded plaintiff's suit.  *Id.*

Plaintiff's action here is almost identical to her state-court suit.  As an initial matter, the

parties in this case are exactly the same.  The claims too are the same: Plaintiff again asserts race

discrimination and retaliation arising out of her employment with Defendant Coca-Cola. Specifically, Plaintiff alleges in both cases that she was criticized, placed on a Performance Improvement Plan, and discharged based on her race and in retaliation for her complaints of discrimination.   Other than changing "MHRA" to "Section 1981," "contributing factor" to "motivating factor," and the addition of paragraph six (addressing Section 1981's jurisdictional requirements), each and every allegation in Plaintiff's Complaint is word-for-word the same as Plaintiff's state-court Petition.   She has simply recast her employment discrimination claims under federal law, which this Court has found to be indistinguishable from the MHRA claims for purposes of res judicata.   The only real difference is Plaintiff has been forced to drop her gender discrimination claim because there is no viable legal theory under which she can assert such a claim.[1]

### 4.    Plaintiff's Failure to Assert Section 1981 Claims in State Court Precludes Their Assertion Now.

Res judicata also provides that "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been* raised in that action.'"  *Biermann v. United States*, 67 F. Supp. 2d 1057, 1060 (E.D. Mo. 1999) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (italics in original).  "[O]ne who has a choice of more than one remedy for a given wrong . . . may not assert them serially, in successive actions, but must advance all at once on pain of bar."  *Mills*, 872 F.2d at 826 (citation omitted).

Here, Plaintiff could have asserted both Section 1981 and MHRA claims in the same lawsuit.  Because the facts and parties were identical, nothing barred her from asserting claims under Section 1981 in the initial state suit.  Plaintiff presumably chose to limit her claims to the MHRA to prevent Defendant Coca-Cola from removing the case to federal court.  Her tactical

---

[1] Plaintiff is well beyond the 90-day limitation in which to file a claim under Title VII and Section 1981 does not apply to gender discrimination claims.  *Butler v. Crittenden Cnty.*, 708 F.3d 1044 (8th Cir. 2013).

decision to assert some, but not all available claims should not be rewarded with the opportunity to relitigate the same theories of discrimination and retaliation in a new venue simply because Plaintiff lost her first lawsuit.  A contrary finding would encourage plaintiffs in employment discrimination cases to assert each separate theory of discrimination in lawsuit after lawsuit, which would unnecessarily (and improperly) increase the costs of the litigation, waste judicial resources, and unfairly encourage gamesmanship by plaintiffs.

**IV.**   **CONCLUSION**

Plaintiff's Complaint should be dismissed for failure to state a claim because it is barred by res judicata.

WHEREFORE, for the reasons set forth above and in Defendants' Motion to Dismiss, Defendants respectfully requests this Court sustain their motion, dismiss with prejudice Plaintiff's Complaint against them, enter judgment in their favor, award them their fees and costs, and for any further relief the Court deems just and proper.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*s/Nikki Hininger Howell*
Donald S. Prophete, No. 56058
Nikki Hininger Howell, No. 56815
1201 Walnut, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4412
Facsimile: 816.627.4444
nhowell@littler.com
dprophete@littler.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 25th day of September, 2013, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Matthew J. Ghio
The Historic Dickmann Building
3115 S. Grand, Suite 300
St. Louis, MO 63118

**ATTORNEY FOR PLAINTIFF**

*s/Nikki Hininger Howell*
Attorney for Defendants

Firmwide:122956088.2 077809.1005

7